09-0898-ag
Udjari v. Holder

BIA
A096 264 322
A096 264 323

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of June, two thousand ten.

PRESENT:
> DENNIS JACOBS,
> > *Chief Judge*,
> JOHN M. WALKER, JR.,
> GERARD E. LYNCH,
> > *Circuit Judges*.

_____

INTANRI UDJARI, a.k.a. INTANRI SURYA UDJARI, BUDI SENTOSO,
> *Petitioners*,

v.                                          09-0898-ag
                                            NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent*.

_____

FOR PETITIONERS:        H. Raymond Fasano, Madeo & Fasano, New York, New York.

FOR RESPONDENT:         Tony West, Assistant Attorney General; Ethan B. Kanter, Senior Litigation Counsel; Paul F. Stone, Trial Attorney, Office of

**Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioners Intanri Udjari and Budi Sentoso, natives and citizens of Indonesia, seek review of the February 6, 2009 order of the BIA denying their motion to reopen. *See In re Udjari,* Nos. A096 264 322/333 (B.I.A. Feb. 6, 2009). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir. 2006). When the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, we review the BIA's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008).

An alien seeking to reopen proceedings must file his motion to reopen no later than 90 days after the date on which the final administrative decision was rendered. *See*

8 C.F.R. § 1003.2(c)(2). In this case, there is no dispute that Petitioners' September 2008 motion was untimely, because the BIA issued a final order of removal in December 2004. *See id.* However, there is no time or numerical limit for filing a motion to reopen if it is "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii). The BIA reasonably found that Petitioners' motion to reopen did not qualify for such an exception.

Petitioners' argument that the BIA did not adequately explain how it concluded that Petitioners did not demonstrate changed country conditions is unavailing. As the government correctly argues, the evidence Udjari submitted with her motion to reopen does not compel the conclusion that the agency erred in finding that conditions for ethnic Chinese or Christians in Indonesia had not materially worsened. *See Santoso v. Holder*, 580 F.3d 110, 111-12 (2d Cir. 2009); *see also Wei Guang Wang v. BIA,* 437 F.3d 270, 275 (2d Cir. 2006) (noting that the BIA need not

3

"expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner" (internal quotation marks and citations omitted)). Accordingly, the BIA's finding that Petitioners did not demonstrate changed country conditions is supported by substantial evidence. *See id.*

Petitioners' assertion that the BIA erred when it required Udjari to show changed country conditions as a "pretext" to her pattern or practice claim misconstrues the BIA's decision. The BIA did not find that changed country conditions were a precondition to a pattern or practice claim. Rather, it found that Petitioners failed to show changed country conditions sufficient to excuse the untimely filing of their motion to reopen. Contrary to Petitioners' argument, this finding was a sufficient basis upon which to deny the motion to reopen, and the BIA applied the proper standard in doing so. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii).

Likewise, Petitioners' reliance on *Mufied v. Mukasey*, 508 F.3d 88 (2d Cir. 2007), in which we called into question the BIA's "systemic or pervasive" test for evaluating pattern or practice claims, is misplaced. As the BIA correctly stated, and as the government now argues, *Mufied* is inapposite because it concerned a pattern or practice

4

claim presented in the first instance – not in an untimely motion to reopen, as is the case here. *See Mufied*, 508 F.3d at 89, 92. The BIA denied Udjari's motion simply because she failed to meet the requirements of an untimely motion to reopen. As such, the BIA did not reach the merits of Udjari's underlying pattern or practice claim. Accordingly, the viability of the "systemic or pervasive" test in assessing a pattern or practice claim has no bearing on this case.

Finally, to the extent Petitioners challenge the BIA's decision not to reopen their proceedings *sua sponte* under 8 C.F.R. § 1003.2(a), this Court lacks jurisdiction to review the issue, because such a decision is "entirely discretionary." *Ali v. Gonzales*, 448 F.3d at 518.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

5